No. 32,714

Harry David Strole, by Cora Lietzke, his Mother and Next Friend, *Plaintiff, Appellee*, v. Verne Combs, *Defendant;* The Home Indemnity Company of New York, Garnishee, *Appellant*.

(56 P. 2d 111)

Opinion filed April 11, 1936.

*O. C. Mosman, Clay C. Rogers, Paul A. Buzard* and *C. J. Bell,* all of Kansas City, Mo., for the appellant.

*Payne H. Ratner,* of Parsons, and *Harold Medill,* of Independence, for the appellee.

The opinion of the court was delivered by

Smith, J.: This was a proceeding in garnishment. Judgment was for the plaintiff. The garnishee appeals.

The plaintiff recovered a judgment against Verne Combs on account of injuries sustained in an automobile collision. The plaintiff was unable to collect the amount of this judgment by execution and caused a summons in garnishment to be issued against appellant. The Home Indemnity Company of New York, the garnishee, answered that it owed the defendant nothing. The plaintiff elected to take issue on the answer of the garnishee. The court heard the parties on the question of whether garnishee was indebted to the defendant, and found in favor of the plaintiff. Judgment was entered directing the garnishee to pay to the clerk of the court the amount of the judgment obtained by plaintiff against defendant, together with costs, including an attorney's fee.

The case arises out of an insurance policy taken out by the father

of defendant upon a Ford coupé. The father of defendant operated a filling station. At the time of the automobile wreck, out of which this case grew, defendant was between seventeen and eighteen years of age and lived at home with his father and mother. The Home Insurance Company of New York and the Home Indemnity Company of New York issued a combined automobile policy to W. D. Combs, the father of defendant, on the automobile in question. He was not a party to any of these proceedings. The policy of the two companies is all one document and each company has the same home office, the same president and the same local agent. The part of the policy issued by the Home Insurance Company insured the automobile against fire, theft, damage by tornado and like hazards. The part issued by the Home Indemnity Company, appellant here, agreed within the limits specified in the statements to insure against any loss by reason of liability imposed by law upon the assured for bodily injury or death, or any loss by reason of liability for damages or destruction of property of others. Under the general provisions of the policy the assured was required to give prompt notice upon the occurrence of an accident and nature of any claim on account thereof. The policy also contained a clause known as an "omnibus coverage." As far as we are concerned in this case, this clause provided that the policy would insure, in the same manner and under the same conditions as the assured named in the policy was insured, any other person legally responsible for the operation of the car if such operation was with the permission of the assured or if the named assured was an individual, with the permission of an adult member of the assured's household. The defendant was operating the car in question with the permission of his father and on business of his own at the time of the injury of plaintiff. As has been stated, plaintiff recovered judgment against defendant and was unable to collect it by execution.

Appellant does not contend but that the judgment is correct provided it be held that the car belonged to the father and certain conditions of the policy were complied with.

There were no pleadings in this case other than the affidavit in garnishment and the answer of the garnishee, together with the election of the plaintiff to take issue on the answer of the garnishee.

It was the first contention of the garnishee in the trial court that the automobile in question was the property of defendant, not that

of his father. If the court had found this to be the fact then it is argued judgment would of necessity have been for garnishee since the policy in question had been issued to the father, and not the son, and the car was not being used in the business of the father when the injury to plaintiff occurred. The judgment of the trial court in favor of plaintiff and against the garnishee carries with it every finding of fact necessary to sustain that judgment.

Appellant first argues in this court that there was no evidence to sustain this finding. Mr. Combs, the father of defendant, was dead at the time of the hearing, and the defendant was not called. The fact of ownership of the car had to be determined by circumstantial evidence. There was evidence on both sides of this question, and when the trial court entered a judgment that depended upon a certain finding of fact on contradictory evidence that ended the matter. Briefly, that evidence was as follows: The father bought the car. He paid part cash and gave a note secured by a mortgage for the balance. The father took out the policy in question. He stated to the companies when taking out the policy that he was the assured, and the car would be used for business and pleasure. The car was kept in the garage belonging to Mr. Combs and the gas and oil used in it were charged to Mr. Combs. The car was wrecked during the time that a policy similar to the policy in question was in effect. The repair bill was charged to Mr. Combs. The mechanic's lien was filed against Mr. Combs and the agent of the Home Insurance Company paid the bill. A similar repair bill a few months later was handled in the same way. On the morning of the injury to plaintiff defendant asked permission of his father to use the car in going to a football game. The father said "O. K."

To meet this evidence the garnishee offered the testimony of the insurance agent that Mr. Combs said when he took out the policy that he was buying his boy a car and was going to let him pay him back by working around the filling station. Garnishee also introduced copies of the application for a license wherein defendant stated that the car was his. As far as the testimony of the insurance agent is concerned it may very well be that the trial court did not believe it. If that be the case, then the only evidence in this record pointing to ownership of the car in defendant rather than his father is the copy of the application for a license signed by the defendant in which he said the car was his. As this state

of the record leaves us, then our story opens with the car belonging to the father as evidenced by the note and mortgage signed by him. The record is devoid of any evidence whatever, even circumstantial, that the father ever did anything to divest himself of ownership of the automobile.

The garnishee argues that the record does not show that the insured complied with the clause in the policy which provides that the company should be notified of the occurrence of an accident, and that in case of suit the insured should forward every summons and other process served upon him. The fact is that the clause provided that notice to the agent of the company would be good. There is ample evidence that the attorney who represented the defendant in the damage case notified the agent for garnishee of the suit and had several conferences with him about it before it came to trial.

The garnishee next argues that the court erred in admitting the evidence of the repair man who repaired the car in question at a time about a year prior to the happening of the accident out of which this action grew. This witness testified that the car was wrecked; that he repaired it; charged the bill to the father; filed a mechanic's lien against the car; gave the name of the father as owner and was paid by the agent of the garnishee, who it has already been stated was also the agent for the Home Insurance Company, the other company named in the policy upon which this action is based. The garnishee argues that this evidence should not have been admitted because it concerned a transaction with a company other than garnishee and at a time other than during the term of the policy in this case. The fact is that this company is named in the same policy in which garnishee is named and the policy sued on is merely a renewal of one that was in effect when the wreck occurred about which the repair man testified. The provisions as to ownership of the car applied to both companies alike. The fact the company that had insured against damage to the automobile paid the repair bill and that the lien was filed against the car, with the father as owner, is a circumstance entitled to some weight on the question of who owned the car.

The garnishee argues that the court erred in refusing to consider its requests for findings of fact and conclusions of law. These requests were not made at the conclusion of the trial. They were not made until about twenty days thereafter at the time that had been

fixed for the filing of briefs. The record does not show that the court failed to consider them. All it shows is that the court failed to make them. As has been heretofore demonstrated in this opinion, this was not error.

The judgment of the trial court is affirmed.